UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BRUCE A. ROUSE,

        Plaintiff,                   No. C 13-1020 PJH (PR)

  vs.                                 **ORDER OF TRANSFER**

EDMUND G. BROWN, et. al.,

        Defendants.

                               /

      Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 that was dismissed and closed at screening. The Ninth Circuit affirmed in part, reversed in part, and remanded the case back to this court to allow plaintiff an opportunity to file an amended complaint.

      Plaintiff named as defendants Governor Brown, Director Beard of the California Department of Corrections and Rehabilitation, and the Santa Clara County Superior Court judge who sentenced him to prison. Plaintiff alleged that the prison system is severely overcrowded and he is entitled to money damages and to have his criminal record expunged. The Ninth Circuit affirmed the dismissal of plaintiff's requests for injunctive and equitable relief and affirmed the dismissal of the Santa Clara County Superior Court judge. The case was remanded for plaintiff to file an amended complaint for damages and allege injuries suffered as a result of prison overcrowding against Director Beard and Governor Brown in their individual capacities.

      While the Santa Clara County Superior Court judge resided in this district, his dismissal from this action was affirmed by the Ninth Circuit. Plaintiff states that Governor Brown and Director Beard reside in Sacramento, CA which lies in the Eastern District of California. When plaintiff filed this case he was incarcerated in Corcoran, CA which is also

located in the Eastern District.  Plaintiff is now incarcerated in Chino, CA which is located in the Central District of California.

Venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  It appears that venue properly lies in the Eastern District of California.

Plaintiff was ordered to show cause why this case should not be transferred to the Eastern District.  The time to respond has passed and plaintiff has not submitted a response or otherwise communicated with the court.  Accordingly, this case is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

Dated: February 5, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Rouse1020.transfer.wpd