# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. ROUSE,<br><br>              Plaintiff,<br><br>      vs.<br><br>BROWN, et al.,<br><br>              Defendants. | )  1:15cv00205 AWI DLB PC<br>)<br>)  ORDER DISMISSING FIRST AMENDED<br>)  COMPLAINT WITH LEAVE TO AMEND<br>)<br>)  THIRTY-DAY DEADLINE<br>)<br>)  ORDER DENYING PLAINTIFF'S MOTION<br>)  FOR APPOINTMENT OF COUNSEL<br>)  (Document 21-1) |

Plaintiff Bruce A. Rouse ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint in the United States District Court for the Northern District of California on March 6, 2013.  The Court dismissed the complaint without leave to amend on March 22, 2013.

On June 18, 2014, the Ninth Circuit Court of Appeals affirmed in part and reversed in part.  The Court determined that Plaintiff should be granted leave to amend to allege an injury to support his claim for damages under the Eighth Amendment based on prison overcrowding against Defendants Brown and Beard. The Court affirmed the dismissal on all other grounds.

On February 5, 2015, the Northern District transferred the action to this Court.

1

Plaintiff filed his First Amended Complaint on March 12, 2015.  He names Governor Brown and California Department of Corrections and Rehabilitation ("CDCR") Director Jeffrey Beard as Defendants.

**A.**    **MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's filing is entitled, "Amended Complaint (summary) and Motion for Appointment of Counsel for Discovery, Evidentiary Hearing."  ECF No. 21.  In his filing, Plaintiff requests counsel to help him amend his complaint, contending that he cannot do so without such help.  He also argues that counsel is necessary to oppose Defendants in this action, who are in powerful positions.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

At this point in the litigation, the Ninth Circuit has directed this Court to grant Plaintiff an opportunity to amend to allege an injury to support his overcrowding claim.  In other words, Plaintiff's original complaint contained sufficient factual information to state a claim under the Eighth Amendment for overcrowding against Defendants Beard and Brown, except for the injury element.  Plaintiff therefore needs to reallege his contentions to support his overcrowding claim against Defendants Beard and Brown, and need only add an explanation of his injuries, if any.

While this must be done in one pleading, it is not an overly difficult task that would make this case exceptional.  In fact, Plaintiff has set forth various injuries in this filing, though the filing is not a complete amended complaint.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, and has had inmate help in the past, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

Plaintiff's motion to appoint counsel in DENIED WITHOUT PREJUDICE.

B.    **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## C.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in California Institution for Men in Chino, California. The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California.

Plaintiff begins his pleading by explaining that although he was ordered to file an amended complaint, he cannot do so without an attorney. He therefore intends this filing to be an amendment and/or supplement to the "Second Amended Complaint" supplied to the Ninth Circuit. The Court has reviewed the Ninth Circuit's docket and did not find an amended complaint, though his opening brief contains more factual information in support of his claims. In any event, documents filed with the Ninth Circuit are not part of the docket of the action before this Court. The Court will summarize Plaintiff's facts and provide analysis to assist him

in filing an amended complaint.  Plaintiff must, however, file a single, complete complaint.  The Court does not permit piecemeal filings.  An amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Turning to Plaintiff's summary of facts, he contends that as a result of prison overcrowding in 2011, he was gang-raped and now suffers post-traumatic stress disorder ("PTSD").  He also suggests that an officer failed to intervene in the incident.

As background, Plaintiff explains that he was transferred to CSP and placed in 3C04-cell 137, which was three cells from a restroom near cell 140, where dayroom bunk homosexual inmates commonly had trysts.  Plaintiff contends that 3C04 was a known as a "homosexual yard," and 40 or more bunks in the dayroom held double-bunked inmates, 70 percent of whom where active homosexuals.

Two months after his arrival, three dayroom bunked inmates forced their way into Plaintiff's cell and then beat and gang-raped him.  They threatened Plaintiff with bodily harm if he told anyone about the incident.

Plaintiff believes that he saw an officer look into the cell and see four inmates, even though two were allowed in a cell.  Plaintiff contends that the officer, who he believes was Steven Escamilla, turned away.  Officer Escamilla is said to be a homosexual who treated homosexual prisoners favorably.

Plaintiff explains that Officer Escamilla is not a Defendant in this action, as Defendants Brown and Beard were the cause of the overcrowding that required so many inmates to be celled in gyms and dayroom bunks.  Plaintiff alleges that the overcrowding enabled Officer Escamilla to abrogate his duty to intervene.

Plaintiff feared reporting the rape because he feared being victimized again.

As a result, Plaintiff suffers from nightmares, fear and PTSD.

**D.** **DISCUSSION**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir.1989); see also Rhodes, 452 U.S. at 348-49, 101 S.Ct. at 2400 (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d 1237, 1248-49 (9th Cir.1982) (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

The Court provides these standards for Plaintiff to assist him in submitting a complete, amended complaint. In amending, Plaintiff must include facts supporting his claim that

Defendants Beard and Brown are causally connected to the overcrowding, and that the overcrowding caused Plaintiff's rape.  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

**E.**   **CONCLUSION AND ORDER**

Plaintiff's current filing is not a complete amended complaint and therefore fails to state an Eighth Amendment claim based on overcrowding.  Plaintiff will be permitted to amend.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **September 22, 2015**            _____ /s/ Dennis L. Beck

UNITED STATES MAGISTRATE JUDGE